The next case on our calendar this morning is number 21-716, United States v. Matthew Davis. Thank you. Good morning, may it please the court, my name is John Kelly, I was appointed in the motion for compassionate release. I was not counseled during the underlying proceedings in the first go-round. So this case, your honor, I think presents an issue of some perhaps first impression before this court. And the issue is, under the amendments to the First Step Act, affecting what I'll call the unstacking of consecutive 924C sentences and also the reductions as it relates to the mandatory minimum penalties for prior felony conviction, in this case a narcotics conviction, whether those reductions are something which the district court should consider in determining whether or not a party moving for compassionate release has established an extraordinary and compelling reason for granting the relief. Mr. Kelly, I have difficulty understanding how we need to decide that question. In light of our decision in United States v. Kite at the end of December last year and subsequently our summary order in United States v. Johnson, in which we have made very clear that there are three independent requirements for obtaining 3582 relief. One is exhaustion, which isn't of the 3553A factors. Those are independent matters. And here the district court went carefully through the 3553A factors and said on reconsideration and at the initial, or on reconsideration, that even if the Fair Sentencing Act changes that you advert to are considered to be extraordinary and compelling circumstances, that Mr. Davis still fails to satisfy the 3553A factors sufficient to compel a sentence reduction. So could you explain to me why that's an incorrect analysis, why we should question the district court's decision? Sure, Your Honor. My recollection of the Johnson case, which I believe Your Honor, that did not address the issue of consideration of the sentencing disparity between the old law and the First Step Act. Well, do you agree, are you familiar with the decision on Kite, K-I-E-T-T, in December? Yes, Your Honor. And with that, and we followed Johnson and then we also previewed in Jones in November, that these are three independent requirements for getting 3582 relief. Isn't that right? I don't dispute the three requirements, Your Honor. So if that's so, how do we get past the district court's review of the 3553A factors? Do you even consider whether extraordinary, compelling circumstances have been shown? So assuming extraordinary, compelling circumstances are shown, addressing the 3553A factors in this case, we believe that the district court's analysis was flawed for the reasons we set forth in our brief. First of all, to the extent that Congress, when a district court considers the nature and circumstances of an offense, in our respectful view, that is in part determined by the penalty that Congress has assessed for that conduct. In this particular case, Congress reduced the penalty for that particular conduct. They didn't make it retroactive, Your Honor. Excuse me, Your Honor? They didn't make it retroactive. They did not make it retroactive. So don't we have to consider that, doesn't the court have to consider that too? I think that is a factor. In fact, here, my reading of the statute was not made retroactive, and there's disputes about a district court's ability to consider the changes in the law. There's a split in the circuits. I believe the First Circuit, the Fourth Circuit, and the Tenth Circuit have said that the change in the law is something that a court may consider. Nonetheless, we have an offense that went from a 20-year mandatory minimum to a 15-year mandatory minimum. It's a serious offense. And the district court, in sentencing Mr. Davis, reviewed the particulars of his offense and said, whether it's a 15- or 20-year mandatory minimum, maybe that affected her initial sentencing. Nonetheless, it's a very serious offense. And the circumstances as being his 12th felony conviction, among other things, also went into the district court's review. So I'm not sure, really, that the movement makes a significant reduction from 20 years to 15 years, no doubt. But it certainly doesn't remove the offenses from the category of gravity or seriousness, does it? Well, there's no question that the offense was serious. But in defining the seriousness of the offense, Congress did change the mandatory minimum from 20 to 15. And we think that is something that, in reviewing the compassionate release motion, the court should have considered. The other point we make is that one of the factors under 3553A, which a court must consider, is sentencing disparity. What would you point to in the record to suggest that if we told the district court that it should consider the reduction from 20 to 15, even though it's not retroactive to be an extraordinary compelling circumstance, that that would have changed its assessment of the 3553A factors? Well, number one, we don't know the answer to that question because the district judge never got there. Well, I realize that. But is there anything in the record that would suggest that he'd reach a different result? Well, number one, Judge Forrest, who tried the case and was the sentencing judge here, in her statement of reasons, gave three particular reasons why she sentenced Davis to the amount that she did. Number one, she said that the evidence against Davis was weak. Here, the government actually started off asking for a life sentence. Judge Forrest said in her statement of reasons, which is in the special appendix, or the sealed appendix, rather, excuse me, indicated that the evidence against Davis was weak. She also said that, in her view, 20 years, and she made a point of putting in parenthesis, required, was more than enough. And then the third reason she gave was that a more culpable than Davis, that person's name was Reuben Davis, not to be confused with the appellant here, Matthew Davis. Judge Forrest, in her statement of reasons, indicated that Mr. Davis, Reuben Davis, who was more culpable than Matthew Davis, the appellant, received a sentence of only 19 years. Judge Forrest also said, I will tell you I'm comforted by the fact that with a very significant sentence, whether it's 15 or 20 years, you will go well into middle age. The reason I'm comforted by that is because I worry that you are a danger. Yeah, that makes my point, Your Honor. 15 or 20. And I know, for whatever reason, that was left out of the government's quotation. I guess I read it differently than you do. To me, this suggested that she considered your client to be dangerous. Well, she also considered that his terrible childhood, the weak evidence against him. She was very much affected by his letter, which he wrote to her, and she said she wanted to see if the sentiments set forth in his letter manifested themselves throughout the case as he spent time in jail. The district court also noted that Mr. Davis had not served even half of his sentence when he made this application. As I'm standing here now, Mr. Davis has roughly served half of a 20-year sentence. Now. He's been in jail for eight years and if one factors in the standard good time credits on a 10-year sentence, that would knock it down to eight and a half and throw in six months. This was his twelfth felony, right? No, it was his fifth, Your Honor. His fifth? He had twelve convictions. Twelve convictions, okay. But they were not all felons. All right, thank you very much. You've reserved two minutes of rebuttal. One final point. One of the other things from our perspective that the district court didn't anticipate or didn't look at was the question of respect for the law in the sense of in Congress, we don't think it's a disrespect of the law to sentence someone to a sentence that Congress now deems appropriate for a particular offense. So reducing it from 20 to 15, we do not believe would show disrespect for the law given that Congress has now said 15 is enough. All right, thank you very much. You have two minutes of rebuttal, so we'll hear your further thoughts. Mr. Shin. Good morning, and may it please the court. Juan Shin for the United States. The court should affirm the denial of the defendant's renewed sentence reduction motion, and it can do so on either of two independent grounds. First, the district court did not abuse its discretion in concluding that the defendant had failed to show extraordinary and compelling reasons warranting a reduced sentence. And second, the district court did not abuse its discretion in concluding that even if one were to assume extraordinary and compelling reasons, that no reduction was warranted in light of the Section 3553A factors. And just to pick up on the points that Your Honor was making with respect to 3553A, I think it's important to note that Judge Forrest considered at the outset of the sentencing the defendant's request for an adjournment in light of the possibility that sentencing reform would be enacted. Of course, we know now that it wasn't enacted for another three-plus years. But the defendant asked for the adjournment on the possibility that the recidivist enhancement under 841 might be reduced, and Judge Forrest said at page 44 of the appendix that she did not feel unduly constrained by the prior felony information, and that she wasn't thinking of going down to 15 years under the 3553A factors in any event. So this, I think, supports the underlying premise of Your Honor's questions about later on when Judge Forrest was mentioned 15 or 20 years, she was comforted by the fact that the defendant would remain in prison until his middle age. She was not saying that to say, and I would have sentenced you to 15 if not for the PFI. In fact, she indicated the opposite earlier in the sentencing. And there's further support for that point because after imposing the 20-year prison term, she went on to the supervised release issue, and this is at page 93 of the appendix. And there she said, well, I'm going to go from three years to 15, and she did feel constrained by the PFI and lengthened the supervised release. But she made clear in the record of the sentencing that she did not feel so constrained as to the prison term. Mr. Shin, it's still a significant, it's a 25% reduction in the mandatory minimum for the crime of conviction. Many of the charges, the original charges, were dismissed for failure to show the monetary or that kind of compensatory element. And Judge Forrest expressed some doubts and concerns along the way here. I'm concerned that if we think the district court was wrong, that the change in the mandatory minimum can't constitute an extraordinary and compelling circumstance or doesn't reflect a significant recalculation of the gravity of the offense by Congress, that misapprehension affected its whole 3553A analysis and caused it to kind of go through a more mechanical application rather than a substantive and I'll address first this issue as it relates to 3553A and then also the extraordinary and compelling reasons. So the district court, it did consider the argument made with respect to the First Step Act amendments, and that's what's required under 3553A. Now what this court has repeatedly said under 3553A is a court has to consider those factors and the arguments made with respect to them, but a defendant is never entitled to any particular credit or weight with respect to any argument. So in other words, the district court must consider the argument, but it doesn't then have to assign the weight that the defendant would wish to give that particular factor. And that's something that this court has said in cases like, I've never known how to pronounce this case, Verkaglad. We just said it in our brief. That's something that this court said in Fernandez. And it said that repeatedly in saying, this court doesn't re-weigh the 3553A balancing that the district court is engaged in, and the particular weight assigned to any one factor is beyond this court's review. And in any event, the district court, all it has to do is consider those arguments. It doesn't have to assign any particular weight. So here the district court was well within its discretion under 3553A to decide, I'm not going to give any weight under 3553A to the First Step Act sentencing amendment. Counsel, you sent us two 28J letters, which I just read this morning on this case. Did you not? I did, Your Honor. And you're asking, I think, for a per se rule that you cannot consider the change in the mandatory sentencing, as Congress indicated. But we have a case in our circuit called U.S. v. Brooker, which tells us that the district court can consider that. What do you make of that? A few points in response, Your Honor. So with respect to the rule that the government is advocating here, our position is that non-retroactive sentencing changes, like the First Step Act amendments in Section 401, they don't constitute either in isolation or in combination an extraordinary and compelling reason. However, we agree that a court may consider that in its 3553A analysis. So it's not a per se ban on the court considering that factor at all. But focusing on the extraordinary and compelling reasons point, Your Honor, all we're doing is attempting to address that point. Brooker was a narrow decision, Your Honor. There the court was simply faced with the question of whether a district court is constrained by the policy statement in 1B1.13. And the court said, in light of the quirks of the history of the First Step Act and the fact that there hasn't been a quorum in the Sentencing Commission for years, that a court is not constrained by 1B1.13 when a defendant files the motion. So that's a Second Circuit rule. I mean, we don't overturn precedent like that at all. Even casually. Your Honor, the argument we're making is consistent with Brooker. We're not saying that a district court is constrained by 1B1.13 from considering the Section 401 First Step Act amendments as an extraordinary and compelling reason. We're saying the statute has meaning. So the statute uses the phrase extraordinary and compelling reasons. It doesn't say that a sentence reduction can be given for any reason or a plausible reason. It says extraordinary and compelling reasons. And so we've offered a number of arguments for why that phrase, that term, has to have some substantive content. Now, Brooker did not address that question. In fact, at the end of the opinion, it pointedly makes clear that it was not giving an opinion about whether the reasons proffered by the defendant in that case actually rose to the level of extraordinary and compelling reasons. That was something for the district court to determine in the first instance. And so in our view, the question is left open by Brooker. And as we've laid out in our brief at length, the plain meaning of the term extraordinary and compelling, those words, extraordinary and compelling, mean that you have to cite an unusual out of the ordinary reason. And particularly in light of the history of 3582C1A, that term and the reasons that warrant compassionate release, there's a history of what substantively satisfies that standard. Congress was not writing on a blank slate when it enacted this provision in 1984. There were prior provisions that the committee report explicitly says that this new statute was intended to incorporate. It says it was intended to be similar to that prior law. And that committee report laid out why that prior law limited compassionate release to changes in the defendant's circumstances that were unusual, things like a terminal illness, things like a severe illness. The regulation that existed prior to the enactment said that it required changes in the defendant's personal or family circumstances. And that's the background law on which Congress enacted 3582C1A. Moreover, when Congress amended that statute in 2018 to permit defendants to file compassionate release motions, Congress did not alter the extraordinary and compelling reason standard. It could have. But it instead simply reenacted that phrase. And under this Court's precedence regarding the background law, and particularly in light of background law of agency interpretation, Congress is understood to have reenacted and approved the prevailing understanding of what compassionate release embodied. And that was, the evidence of that prior understanding exists not only in the pre-1984 law, but the fact that the Sentencing Commission had similarly interpreted the phrase extraordinary and compelling reasons to be limited to those defendant and family-related personal circumstances. And so in light of that background law on which Congress acted, as well as the other statutory interpretation arguments that we've made in our brief, our view is that changes in sentencing law, even though they're not retroactive, those don't constitute extraordinary and compelling reasons. Congress was entitled to make that judgment. A reasonable legislator might have disagreed. We as citizens might disagree as to what the right policy is. But ultimately, this Court's task, if it were to address this issue, is to answer what Congress intended when it used that phrase, extraordinary and compelling reasons. And respectfully, our view is that for all of the traditional statutory interpretation indications that we've laid out in our brief, they all point in the same direction, that the First Step Act amendment is not permitted. So part of the background also to the First Step Act amendment of the sentencing was because it wanted to create a safety valve. Because in many of the preceding years, there had been only about 24 per year cases where people were granted compassionate release. Obviously, Congress wanted to expand that, and they were unhappy with what had happened previously. And the case law, as I said earlier, is split among the circuits as to whether or not Congress permitted a Court to consider the change in the law as part of its determination of whether a situation presents extraordinary and compelling reasons. And the Court in McCoy, McGee, Ruvalcaba, cited in the government's 28J letter, they've all determined that... Ultimately, yes, Your Honor. And here's why the 3553A analysis was not correct here. Because the district court judge didn't realize that he had the power and the authority to consider the disparity in sentencing under the old law and under the new. That was a main factor in the 3553A litany of things that a district court has to take into account. That concerns the gravity of the offense, but not the other factors so much, does it? It concerns the issue of disparity. That's one of the enumerated items that a district court has to take into account. Here, the district court didn't take that into account because it was of the view that the statute wasn't retroactive. And so it just didn't do it. And we think that was all. And by the same token, to the extent the district court thought that a 20-year sentence showed greater respect for the law and greater deterrence of the defendant, our position, our argument is that that has to be taken in context as well. Because Congress determined that 15 years showed enough respect for the law and showed enough ability to deter a defendant. And because the district judge here was of a view that it was non-retroactive, end of story, he never gave it any consideration, either in determining whether or not there was an extraordinarily compelling reason or under his 3553A analysis. And courts in this circuit have, district courts rather, have taken into account the disparity in finding a compelling and extraordinary reason. Judge Sullivan, in the Musa case that we cited in our brief, while he, in fact, in words I think particularly appropriate here, he said the court's discretion is not constrained by the non-retroactivity of the statute, nor will the court blind itself to the FSA reforms when assessing Musa's application. Judge Sullivan went on to deny relief on his analysis of the 3553A factors, but he did take into account the difference in the statute. In Musa's case, he had a narcotic conviction and two prior felonies. So he was looking at, I think, a 50-year sentence or somewhere thereabouts. But the reality of it is a court has to consider, both under extraordinary and compelling, and also under 3553A, the change in the law. And the district court judge here did not do that. Thank you very much. Thank you for your arguments. We'll reserve the decision. Thank you both.